DB45zem1

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4              v.                           12-CR-171 (JPO)

 5   MIKHAIL ZEMLYANSKY, MICHAEL
     DANILOVICH, TATYANA
 6   GABINSKAYA, JOSEPH VITOULIS,
     BILLY GERIS,
 7
                Defendants.               Jury Trial
 8
     ------------------------------x
 9
                                          New York, N.Y.
10                                        November 4, 2013

11                                        9:   a.m.

12
     Before:
13
                      HON. J. PAUL OETKEN,
14
                                          District Judge
15

16                        APPEARANCES

17   PREET BHARARA
          United States Attorney for the
18        Southern District of New York
     EDWARD Y.K. KIM
19   PETER M. SKINNER
     DANIEL S. NOBLE
20        Assistant United States Attorneys
     COLLEEN GEIER, Paralegal Specialist
21
     FISCHETTI & MALGIERI, LLP
22        Attorneys for Defendant Mikhail Zemlyansky
     BY:  RONALD P. FISCHETTI, ESQ.
23        PHYLLIS ANN MALGIERI, ESQ.

24   LAW OFFICE OF ERIC FRANZ, PLLC
          Attorneys for Defendant Mikhail Zemlyansky
25   BY:  ANDREW MANCILLA, ESQ.
```

DB45zem1

<pre>
                              APPEARANCES
                              (Continued)

CREIZMAN PLLC
     Attorneys for Defendant Michael Danilovich
BY:  ERIC M. CREIZMAN, ESQ.
     KAITLIN DABBERT

GLENN A. GARBER, P.C.
     Attorneys for Defendant Billy Geris
BY:  GLENN A. GARBER, ESQ.
     G. HANNA ANTONSSON, ESQ.


ARTHUR GERSHFELD, PLLC
     Attorneys for Defendant Tatyana Gabinskaya
BY:  ARTHUR GERSHFELD, ESQ.


LAW OFFICE OF STANISLAO A. GERMAN
     Attorneys for Defendant Joseph Vitoulis
BY:  STANISLAO A. GERMAN, ESQ.


MYERS SINGER & GALIARDO LLP
     Attorneys for Defendant Joseph Vitoulis
BY:  MATTHEW D. MYERS, ESQ.


ALSO PRESENT:  DONALD ANSPACHER, FBI
               MICHAEL KELLEY, FBI
</pre>

DB45zem1                        Deliberations

1              (Deliberations resumed)

2              THE COURT:  Good morning, everyone.

3              The jury began deliberating this morning at 9:44 and a

4     few minutes ago we received a note which has been marked Court

5     Exhibit 28, it is actually signed by juror no. 1, Ms. Alina

6     Weissman -- A-L-I-N-A, W-E-I-S-S-M-A-N -- and also by the

7     foreperson no. 8 and it says as follows:

8              Your Honor, I planned a trip with my entire family to

9     Mexico; 11 people are getting on a plane tomorrow at 7:00 a.m.

10    to celebrate my birthday.  I really want to go.  We were told

11    that this trial will go for six to eight weeks and my trip was

12    planned around that.  Thank you for your consideration.  Signed

13    juror no. 1.

14             That's all we have so far today.  So, if you want to

15    talk about it for a minute I'm happy to hear what, if any

16    response, people think would be appropriate.

17             (counsel conferring)

18             THE COURT:  Mr. Kim?

19             MR. KIM:  Sure, your Honor.

20             I think the government's inclination is that we don't

21    respond specifically to this message and we await any further

22    messages from the jury because I don't know that there is any

23    response we could give that would not constitute some sort of,

24    or raise a risk of some sort of interference with their

25    deliberations.  So, I think the better course is to not respond

DB45zem1                        Deliberations

```
 1    and wait until we hear further from them.
 2                MR. FISCHETTI:  Your Honor, I have a different
 3    suggestion.  I wouldn't like juror no. 1 to sit during the day
 4    without knowing that she would be available to go on her trip.
 5    I think what we should do is send back a note that we're aware
 6    of her obligation and that she can leave to go on her trip but
 7    she has to deliberate for the rest of the day so the jury
 8    thinks they've got to keep deliberating.  And I don't think it
 9    is fair to have juror no. 1 just waiting until she gets the
10    okay that she can -- I think, unless the government disagrees,
11    because we haven't reached that point yet, I think we have to
12    discharge juror no. 1 on the --
13                THE COURT:  But then what do we do?  We only have 10
14    jurors, if we haven't gotten another deadlock note.
15                MR. FISCHETTI:  We can cross that bridge when we come
16    to it.  I have an idea.
17                THE COURT:  What is your idea?
18                MR. FISCHETTI:  Well, I would have to confer with my
19    colleagues but I do have an idea.
20                Your Honor, I don't think it would be wise to attempt
21    to plug in an alternate at this point, nor do I know if we can
22    once we have gone with 11.  So, I don't know that.  But to plug
23    in an alternate now, we have had 26 witnesses.  This jury,
24    after hearing all the testimony, has asked for the testimony of
25    five witnesses which the alternates have not seen; also, the
```

DB45zem1                          Deliberations

testimony of three experts which was over 300 pages.  So, to
have them come in, and I think we both agree that the law is
that the jury must stop deliberating and they have to catch up
before all 12 can deliberate again, would be impossible having
had them gone.

But I think, your Honor, that I can talk to my
colleagues and when we lose juror no. 1, if your Honor decides
that you are not going to keep her against her will, that we
can stipulate to a jury of 10 which is permitted under Rule 23.

THE COURT:  Rule 23 says at any time before the
verdict.  We have now had a partial verdict.  I have someone
looking into this now but I don't know whether before the
verdict, how that would play out in the context of having
already received a partial verdict.  In any event, the
government would have to stipulate.  If they don't, then that's
not an option.

MR. FISCHETTI:  I think the way the rule reads, Judge,
and I would like to read it out loud for purpose of the record,
Rule 23 talks of jury size and on 23B it says:

In general, a jury consists of 12 persons unless this
Rule provides otherwise.

2.  Stipulation for a smaller jury.  At any time
before the verdict the parties may, with the Court's approval,
stipulate, in writing that (A) a jury may consist of fewer than
12 persons and then it says it can return a verdict.

1          My reading of that rule, Judge, is before a verdict

2     against an individual.  I mean, it is not a partial verdict.

3     One defendant is gone so we just have the rest and my client

4     has been acquitted of those counts so just 10 jurors continue

5     their deliberations.  Of course we need the government's

6     consent to do that and I would have to confer with my

7     colleagues.

8          But, for my purposes, for Mr. Zemlyansky, that is what

9     we would propose:  One, that this juror continues to deliberate

10    because her vacation is tomorrow; two, that your Honor excuses

11    the juror who has done well and faithful work under the terms

12    that we agreed for her to be here -- and having her here when

13    11 people are going to a birthday party in Brazil would be

14    coercive -- 3, have the jury continue to deliberate until the

15    end of the day with her and then if that juror leaves, if your

16    Honor agrees that she should leave, I will talk to my

17    colleagues to see if they would agree with my suggestion that

18    we go with a jury of 10 and then leave it to the government as

19    to whether or not they would consent to that.

20         That's my proposal anyway.

21         MR. KIM:  Your Honor, I don't -- we can give some

22    thought to whether we even need to address that issue

23    proceeding with 10, but I think for know now the government's

24    position is that we don't need to respond to the note and the

25    concern expressed by juror no. 1.  I just think it is, for the

DB45zem1                         Deliberations

same reasons I think defense counsel articulated before when we

were talking about giving a concrete deadline for

deliberations, I don't think it would be productive in this

context.

MR. FISCHETTI:  Then shouldn't we address the primary

question first?  Is your Honor going to excuse that juror at

the end of the day?  I suggest your Honor has to.  I haven't

heard from the government.

MR. KIM:  Yes, I think we agree with that.  I think

the juror should be excused.

THE COURT:  Yes.  I am inclined to excuse her.  She

had mentioned this through the marshal or through Mr. Skolnik

last week and I think even in jury selection she may have

mentioned it.  So, I am inclined to excuse her.

MR. FISCHETTI:  Judge, the only issue is do we tell

her that she can go tomorrow or just let her wait?  I don't

know.  Maybe she has to make a phone call if she thinks she has

to stay tomorrow.  I don't see the harm in telling her that she

has to deliberate through the day but she can leave tomorrow.

I think that's the nice thing to do but I have no objection to

Mr. Kim's suggestion if your Honor thinks otherwise.

MR. KIM:  I think the downside risk is one that we

have confronted in other contexts.  If I recall during jury

selection we had a juror who had a preplanned trip and we

debated whether or not it would be productive to have the juror

1    sit and we would notify that juror at a certain point that she

2    would be allowed to go on her trip.  I think the concern that

3    was raised when we proposed that was that that juror would then

4    basically dis engage from all further deliberations.  And I

5    know I guess in this context we can say you are instructed you

6    must deliberate today, but if she knows she's going on that

7    trip no matter what I think it raises a risk that she will

8    disengage and that I am not really a part of this anymore.

9            THE COURT:  Do other defendants have --

10           MR. FISCHETTI:  That would mean -- I think Mr. Kim's

11   suggestion is that we don't respond to the note at all.

12           MR. KIM:  Yes.

13           MR. FISCHETTI:  That's correct?

14           THE COURT:  At least until later in the afternoon.

15           MR. KIM:  Yes, assuming there is no notes in between

16   now and then.

17           MR. FISCHETTI:  I take the other view just personally,

18   your Honor, that she knew she was going, she would be more

19   engaged to try and reach a resolution in this case rather than

20   just sitting there with her arms crossed wondering if she's

21   going to go to Brazil or not but that's just a thought on my

22   part.  I really have no objection.  We both agreed that she

23   should stay at least throughout the day.  We have no need to

24   tell her and by not responding to the note it is as if we never

25   even got it.  At least to send a note back to say we are aware

DB45zem1                        Deliberations

that you have to leave tomorrow or something like that rather

than just do nothing I think is -- I don't think it is

conducive to the offense, quite frankly.  That's my own

personal opinion.

THE COURT:  Others?

MR. CREIZMAN:  I don't have anything to add to that

substantively except to say that we join in that application on

behalf of Mr. Danilovich.

MR. GERSHFELD:  Judge, I agree and I join in that

application on behalf of my client.

MR. GERMAN:  Good morning, your Honor.

THE COURT:  Good morning.

MR. GERMAN:  I do agree with Mr. Fischetti's position.

If your Honor is inclined not to send any communication back I

think the Court should just say continue deliberations.  I

don't know if they're sitting there waiting for a response to

the note and they're not actually deliberating at this point

and that would concern me.  So, at a minimum, if you're

inclined to go with the government's proposal I think we should

just say continue deliberations.

MR. KIM:  Your Honor, I think we would be fine if --

it sounds like maybe there is some consensus around at least

responding and saying we are aware of the trip, please continue

deliberating.  Maybe something as short as that.  I don't think

we would object to something like that.

DB45zem1                    Deliberations

1           MR. FISCHETTI:  I think that's -- Judge, I think

2     that's fair.  That's right in the middle.  I do agree to that.

3           THE COURT:  Maybe something like I have received your

4     note and I am aware of your trip tomorrow.  Please continue

5     deliberations through today.  Or you wouldn't put in through

6     today?

7           MR. KIM:  I think the through today might accomplish

8     what we didn't want to convey to the jury.

9           THE COURT:  Okay.  So, I have your note and I am aware

10    of your planned trip.  Please continue deliberations.

11          MR. GERMAN:  Yes.

12          THE COURT:  Any objection to that?

13          MR. KIM:  No, your Honor.

14          MR. FISCHETTI:  Your Honor, after you send that in,

15    with regard to proceeding with a jury of 10, your Honor is

16    doing some research on that, I will confer with colleagues and

17    we will see if that is a viable suggestion that we have on our

18    part.  Perhaps the government can do the same.  And then we

19    will know at least what we are dealing with since we are not

20    going to keep her past 5:00.  There are going to be issues we

21    have to address, we might as well firm it up on both sides if

22    we can now.

23          THE COURT:  Okay, yes.  So, why don't you be thinking

24    about that.

25          (Pause)

DB45zem1                          Deliberations

1              THE COURT:  How about this:

2              Dear members of the Jury:  I have received your note

3      and I am aware of juror no. 1's planned trip tomorrow.  Please

4      continue your deliberations.

5              MR. FISCHETTI:  Sounds good.

6              MR. KIM:  That's fine with the government, your Honor.

7              THE COURT:  All right.

8              (pause)

9              THE COURT:  All right, we will keep you posted.

10             (recess pending verdict)

DB45zem1                    Deliberations

```
 1              A F T E R N O O N   S E S S I O N

 2                         2:05 p.m.

 3          THE COURT:  Good afternoon, everyone.

 4          MR. KIM:  Good afternoon.

 5          MR. GERMAN:  Good afternoon.

 6          THE COURT:  We received a note that's been marked

 7   Court Exhibit 30 and it says, as follows:

 8          Your Honor, after intense deliberation, we came to a

 9   verdict on eight counts.  We are still hopelessly divided on

10   all others.  Signed, juror no. 8.

11          I will read it again:

12          After intense deliberation, we came to a verdict on

13   eight counts.  We are still hopelessly divided on all others.

14          I interpret this as a reference to the partial verdict

15   that they already rendered.  I assume that's what it means.

16   They say we came to a verdict on eight counts.  I don't think

17   this means they have come to any additional unanimous verdict.

18          And then they say we are still hopelessly divided on

19   all others.

20          MR. GERMAN:  Judge, from the defense perspective, we

21   are requesting a second Allen charge.

22          This was seven weeks of testimony, three days of

23   summations, over 30 witnesses.  You gave them the first Allen

24   charge on Thursday at about 3:00.  Within 45 minutes they come

25   to a partial verdict.  It doesn't appear to me that they did
```

1    any more deliberating after that.  They basically came out,

2    they went in, they came out, you told them keep going, and then

3    we got a note right away saying we want to go home and come

4    back on Monday, and they've basically been deliberating about

5    four-plus hours this afternoon.  So, the defense feels that the

6    Court should give them a second Allen charge.  I have a case

7    here from the Second Circuit, it is 320 F.3d 185, Campos v.

8    Portuondo, it is writ of habeas corpus case where the Second

9    Circuit found that three Allen charges were not necessarily

10   coercive, that really you have to look at each individual case,

11   and I think in that case the trial only took -- I forget how

12   long but it was a very short trial.  It did not even come close

13   to the amount of testimony, Court exhibits and time that has

14   been spent on this case.  It is 2:00.  I know we still have to

15   come to a decision on the situation with juror no. 1 but I

16   think the Court should give them an Allen charge and see what

17   happens by the end of the day.

18            MR. KIM:  Your Honor, I agree.

19            I think you have to look at the facts of each case and

20   I think the facts of this case are pretty clear that I think

21   anything -- anything that suggests to the jurors that they

22   continue deliberating, I think the dangers of coercion just far

23   outweigh anything else here.  I think your Honor did give them

24   an informal Allen charge before the formal Allen charge.  We

25   give them the formal Allen charge.  Since giving them that

DB45zem1                         Deliberations

1    charge there has been no addition call for testimony; just

2    other notes, one juror being excused.  We have I think another

3    note saying that they're still strongly divided which I think

4    preceded the partial verdict.  So, now I think we have had -- I

5    think this will be the third note suggesting they are strongly

6    divided on whatever is left.  I think at this point to give

7    them an Allen charge we are risking undue coercion here.

8              THE COURT:  Anyone else?

9              MR. FISCHETTI:  I just find it odd that in a lot of

10   cases this is the first time we have ever heard the government

11   say give us a hung jury so we can get out of here.

12             My position, Judge, is the same as Mr. German and also

13   to add to it, that as he pointed out, right after the Allen

14   charge they did come in with a verdict, partial, at least in 45

15   minutes or an hour.  So, we do have until 5:00 before we have

16   to make a decision, that's almost three hours.  I don't see the

17   harm in asking for an Allen charge.  I really don't understand

18   the government's position that we are coercing the jury.  They

19   are saying we are coercing them into an acquittal on those

20   charges.  I believe we are entitled -- we are entitled -- as a

21   matter of law, to another Allen charge.

22             MR. KIM:  They're definitely is not an entitlement as

23   a matter of law.  I think the Court knows that.

24             THE COURT:  I think it is a judgment call based on all

25   the circumstances.  We are on the seventh day of deliberations.

DB45zem1                     Deliberations

1    There were five weeks and one day of testimony plus openings

2    and summations.  The jury first indicated it was deadlocked on

3    the 30th.  I read what was a rereading of a section of my

4    instructions which were essentially a modified Allen charge at

5    that point.  They continued to deliberate, they said they're

6    strongly divided on the 31st, and then I read another Allen

7    charge.  So, I mean, at this point another Allen charge, I

8    think, would be the equivalent of a third Allen charge.

9              We could do it.  We could try it.

10             MR. FISCHETTI:  What is the harm, Judge?

11             THE COURT:  The harm is that it's held to be coercive.

12             MR. KIM:  I think that's right, your Honor.  There is

13   a very clear harm.

14             MR. GERMAN:  Judge, the Allen charge is deemed not to

15   be coercive.  That's the whole point of the Allen charge and

16   that's the specific language that the Supreme Court cites is

17   appropriate under the circumstances.

18             I think it's incorrect to say this would be the third.

19   The first was not an Allen charge, you simply read the Court's

20   original charge so this would be the second Allen charge given

21   to them at this point.  And when you consider that they've only

22   deliberated about five hours since the first Allen charge and

23   we did get movement after the first one, giving them a second

24   one at 2:10 in the afternoon and seeing where we are at 5:00, I

25   don't think there is any harm.  We can't say that because we

1    are asking for an Allen charge it is coercive.  The Supreme

2    Court has deemed it not to be coercive.

3              MR. KIM:  Your Honor, I'm sure the language of the

4    Allen charge is not inherently coercive but the reason there is

5    case law about this is because there is arguments about how

6    many times it becomes too much.  This jury has come back and

7    said they are strongly divided.  They just said they are

8    hopelessly divided.  To then bring them out and charge them

9    again with the Allen charge the language of which is fine but

10   the circumstances under which it is being delivered, that's the

11   issue and I think under these circumstances it is unduly

12   coercive to do that.

13             MR. GERMAN:  I'm trying to find exactly how long this

14   jury was out on this Second Circuit opinion because it was not

15   very long.

16             MR. KIM:  Your Honor, it is not simply a matter of how

17   long the jury has been out, it is the history taking into

18   account what we know of their deliberations.  What we know is

19   one juror has already been excused because of the intense

20   difference in the jury room and what we know is that they've

21   repeatedly said that they were divided and this one says they

22   are hopelessly divided.

23             MR. GERMAN:  Judge, so this case which I cited to the

24   Court, the trial was short involving three government witnesses

25   whose testimony lasted less than six hours.  Here we are

DB45zem1                    Deliberations

talking about a case that had six weeks of testimony, 30

witnesses.  So, I just think asking for a second Allen charge

is not coercive under these specific circumstances.  And I'm

looking at 505 F.2d 845, this is United States v. See, this is

a Ninth Circuit case where they say a statement by the jury

that it is currently deadlocked has been held on insufficient

ground for declaring a mistrial.

        So, I think giving the amount of time, resources,

effort that has been put into this litigation asking, giving

them an Allen charge at 2:15 and seeing where we are at the end

of the day is not coercive.  The defense is unified in this

position and we would ask that the Court give the Allen charge.

        MR. KIM:  Your Honor, if you want to give the

government some time to find authority, clearly this is within

your discretion.  We can find some legal authority where I

think under other circumstances it has been deemed coercive and

we can spend time finding those authorities if the Court wants

that.

        THE COURT:  I don't know.  It is a totality of the

circumstances determination.  I don't know that one more Allen

charge would necessarily be coercive.  If I declare a mistrial

too early then I guess defendants have an argument on appeal,

no?  Double jeopardy attaches or something.

        MR. KIM:  Your Honor, I guess -- I guess the

assumption is if you declared a mistrial, there was a

DB45zem1                        Deliberations

1    subsequent trial and subsequent convictions and where they had

2    argued that the Court somehow prematurely declared a mistrial,

3    then I guess that's right, they would have some argument that

4    that is the case.  But I think that argument is made, has been

5    made many times in the Second Circuit under lesser

6    circumstances.  I don't think that is something that we are

7    concerned about here.

8              THE COURT:  I'm going to take a brief recess.

9              (recess pending verdict)

10             THE COURT:  I'm convinced that this jury is hopelessly

11   divided, as they say it.  I'm going to declare a mistrial on

12   the remaining counts.

13             Just to go through for the record where we are, there

14   were -- we had five weeks and one day of testimony in the case

15   plus openings and closings on either end.  Deliberations began

16   on Wednesday, October 23rd.  This is the seventh day in which

17   the jury was deliberating.  The original jury charge included

18   instructions on deliberations with language similar to an Allen

19   charge including the duty to deliberate and be open to others'

20   views and tried to reach a unanimous verdict and not surrender

21   each jurors' conscientious judgment.  The jury first indicated

22   that it was deadlocked on October 30th and at that time the

23   original jury charge was reread with a modification reminding

24   the jury that they were to consider each defendant

25   individually.  Whether you call this an Allen charge I'm not

1    sure, but it was essentially largely the language of a modified

2    Allen charge that I reread.  The jury continued to deliberate

3    on October 31st and again indicated that they were deadlocked.

4    They said they were strongly divided on the 31st and at that

5    time the Court issued an Allen charge and instructed the jury

6    that they had the ability or could render a partial verdict and

7    then, shortly thereafter, they came back and said they had a

8    partial verdict.  I don't think that that was a result of the

9    Allen charge language so much as a result of the fact that

10   we -- that I told them for the first time that they could

11   render a partial verdict.  And then, as I said, they did render

12   that partial verdict on the 31st.  The jury was then instructed

13   to continue deliberating.  Today, November 4th, the jury issued

14   a third deadlocked note and this time they said we are still

15   hopelessly divided on all others meaning all other counts.

16   This is day seven of deliberations.

17          I'm concerned about an additional Allen charge which I

18   think would be the equivalent of a third Allen charge.  I'm

19   concerned that that would result in an unduly coercive

20   instruction to the jury.  Considering the entire context of the

21   case and part of that context is the fact that last week on, I

22   believe it was Wednesday the 30th, we lost a juror due to

23   medical reasons, but one of the things we learned from that

24   situation was that the deliberations at that point had been

25   extremely heated and that's why she wasn't able to continue;

DB45zem1                        Deliberations

1    she referred to insults and a very heated situation in the jury

2    room.

3              So, that's part of the context here.  Also, I think it

4    is noteworthy that the jury knows that one of the other jurors

5    has a flight tomorrow and I have indicated that they should

6    continue deliberating but they don't know whether she's going

7    to be let go or to continue deliberating tomorrow.  So, I think

8    that also arguably makes an additional Allen charge unduly

9    coercive.

10             We're in the third week.  There have been 13 days

11   since the first day of deliberations including that day given

12   the number of breaks and weekends we've had and sometimes

13   breaks are useful for deliberations but they also highlight

14   long a period of time it is.  It is not just the seventh day

15   but it has been a long time of deliberations and my sense from

16   all the circumstances is that this jury truly is, as they put

17   it, hopelessly divided on the remaining counts.  So, I'm going

18   to thank them for their service and we have already taken the

19   partial verdict, I believe, and declare a mistrial on the

20   remaining counts.

21             MR. GERMAN:  Judge, just one request, and for the

22   record I agree with your interpretation of their last note but

23   just to be 100 percent certain, we would request that you just

24   ask that they haven't reached a verdict on eight additional

25   counts before you declare the mistrial.

DB45zem1                    Deliberations

1            THE COURT:  Would there be any objection to when they

2    come out if I asked the foreperson that?

3            MR. GERMAN:  No.  That's fine.

4            THE COURT:  In other words, I would just confirm when

5    you say in your note that you came to a verdict on eight

6    counts, my assumption is that you're not referring to any

7    additional counts from those that you rendered a partial

8    verdict on last week and just get the foreperson's confirmation

9    of that.

10           MR. GERMAN:  That's fine, Judge.

11           MR. KIM:  That's fine with the government, your Honor.

12           We have one additional request.  We would ask the

13   Court to ask the jurors, for those who are willing, to stay

14   behind and speak with any attorneys who would like to speak

15   with them.  I think that would be very useful for the

16   government.  If the Court could just ask those jurors who would

17   like to do that?  I don't know if the Court would prefer to do

18   that in the jury room or somewhere else.

19           THE COURT:  I always do that.  I give them a chance to

20   speak to counsel and I ask them not to reveal the substance of

21   their fellow jurors' deliberations but that they're welcome to

22   speak to counsel if they wish to, or they don't have to.  And I

23   normally also offer before that happens to go back and thank

24   them for their service.  So, I don't know what -- I could tell

25   them where to go.

DB45zem1                          Deliberations

1          MR. KIM:  Perhaps when your Honor thanks them for

2  their service if you can ask those jurors to remain in the jury

3  room and go to them?  That might be the easiest logistically.

4          THE COURT:  Is that okay with everybody?

5          MR. GERMAN:  We would join in that application.

6          MR. FISCHETTI:  We join in that.  We would like to

7  speak to them if they want to speak with us.

8          THE COURT:  I will tell them to remain in the jury

9  room and will let you know when I am done thanking them.  It

10  may be a few minutes because Mr. Skolnik has a few

11  administrative things to deal with them on and it may be a few

12  minutes.  So, if you will wait around he will let you know.

13          MR. FISCHETTI:  It may be good because some of the

14  jurors may not want to speak to us and leave and the other

15  jurors will be there so we don't mind waiting.

16          THE COURT:  Sure.  Anything else that I need to cover?

17          MR. KIM:  Not from the government, your Honor.

18          MR. FISCHETTI:  Not from defense.

19          THE COURT:  Okay.  We will bring out the jury.

20          (Continued on next page)

21

22

23

24

25

DB45zem1                        Deliberations

1              (Jury present)

2              THE COURT:  Good afternoon, Ladies and Gentlemen.

3              THE JURY:  Good afternoon.

4              THE COURT:  I have received your note which has been

5      marked Court Exhibit 30 that says:

6              After intense deliberation, we came to a verdict on

7      eight counts.  We are still hopelessly divided on all others.

8              The first thing I wanted to ask and I will ask your

9      foreperson, juror no. 8, if you would just confirm when you

10     refer to we came to a verdict on eight counts, am I correct in

11     reading that as you haven't come to a verdict on any new counts

12     but that refers to the ones you came to last week and announced

13     here in Court?

14             THE FOREPERSON:  Wait one second.

15             THE COURT:  Okay.  Do you understand the question?

16             THE FOREPERSON:  We came up with one client as

17     completely not guilty and another one we have accounted for --

18             THE COURT:  Wait, wait.  No.  Before you say that what

19     I'm asking is --

20             THE FOREPERSON:  Oh, it is an additional count.  I'm

21     sorry.

22             THE COURT:  Did you do you mean any additional --

23             THE FOREPERSON:  Yes.

24             THE JURY:  Yes.

25             THE COURT:  Okay.  How many -- don't give me any

DB45zem1                          Deliberations

1    results but how many additional ones?  Was it eight additional

2    counts?

3                THE FOREPERSON:  Yes.

4                THE COURT:  Oh, you have.

5                A JUROR:  Yes.  Eight additional.

6                THE COURT:  I'm sorry.  I misunderstood.  When I read

7    we came to a verdict on eight counts I thought that meant the

8    ones you came to last week.

9                A JUROR:  No.

10               THE COURT:  But you did come to some additional ones.

11               THE FOREPERSON:  Yes, we have.

12               THE COURT:  All right.  Have you completed the verdict

13   form as to those additional ones?

14               THE FOREPERSON:  No.  We were waiting for your

15   instructions.

16               THE COURT:  Okay.  Got it.

17               So what I'm going to do is send you the verdict

18   form -- well, before I do that let me ask you, you have come up

19   with some additional lines to fill out, just to be clear?

20               THE JURY:  Yes.

21               THE COURT:  More than one?

22               THE JURY:  Yes.

23               THE COURT:  But you say you are hopelessly divided on

24   the other counts?

25               THE FOREPERSON:  Yes.

DB45zem1                        Deliberations

1              THE COURT:  I'm going to send you back and I'm going

2      to send you your verdict form once again, the one you filled

3      out before, and then you can add the additional answers on that

4      form again assuming that it is unanimous as to all of those and

5      then we will bring you back and take that additional verdict,

6      okay?  Thanks very much.

7              I'm going to send you back to the jury room.

8              (Continued on next page)

DB45zem1                         Deliberations

 1              (Jury not present)

 2              MR. GERMAN:  I will say, your Honor, I did agree with

 3      your interpretation of the note.

 4              MS. MAGLIERI:  That's what I thought, eight more.  He

 5      told me I was wrong.

 6              THE COURT:  You guys are the experts.

 7              Apparently they have the original form they filled out

 8      before, so is there any objection to our telling them they

 9      should fill out what additional answers they have on that form?

10              MR. KIM:  On the original form?

11              THE COURT:  On the original.

12              MR. KIM:  We don't object to that, your Honor.

13              MR. GERMAN:  No objection.

14              THE COURT:  Okay.

15              (Recess pending verdict)

16              MR. GERMAN:  Your Honor?

17              THE COURT:  Yes, Mr. German.

18              MR. GERMAN:  Judge, the defense has conferred and

19      given the fact that it's -- well, we misinterpreted the note

20      again and it is obvious that after the first Allen charge that

21      your Honor has given and about six hours of deliberations they

22      have actually now resolved 16 of the 30 counts.  That's half of

23      the counts in this indictment.  So, the defense is unified in

24      making an application that your Honor take this partial

25      verdict, give them an Allen charge, it is 3:00, and have them

DB45zem1                        Deliberations

1    deliberate at least until the end of the day.

2              THE COURT:  Mr. Kim?

3              MR. KIM:  Your Honor, I don't think the wording of the

4    note has changed since the last time we heard it.  They said

5    they are hopelessly divided.  They sent us that note knowing

6    that they had intensely deliberated and reached a verdict on

7    the counts they could reach a verdict on and told us they were

8    hopelessly divided on all others.  So, I think the same

9    reasoning applies why as to the remaining counts another Allen

10   charge or further deliberations is unnecessary.

11             THE COURT:  This does change the calculus.  Let me

12   just say for the record it is now clear that we misinterpreted,

13   or at least I misinterpreted the note and they were able to

14   reach a verdict on eight -- it sounds like eight additional

15   counts.  We will find out shortly what it was and this was

16   after on Thursday saying that they were, "strongly divided."

17   Now, it is true that today they said "hopelessly divided" so

18   that ratchets it up a bit.  But, the fact they reached eight

19   additional counts I think does suggest some decision-making

20   despite being previously divided.  I guess it would also be

21   helpful, it might be helpful to tell them that juror no. 1 will

22   be able to go on her trip tomorrow or we could just keep her

23   here, we can keep them here tonight and see if they can go a

24   little later tonight to continue if we are going to have them

25   continue.

DB45zem1                        Deliberations

1          Is there agreement on going to 10 if we need to go to

2    10 jurors?

3          MR. KIM:  Not from the government, your Honor.

4          THE COURT:  No?

5          MR. KIM:  No.

6          MR. FISCHETTI:  Your Honor knows the defense position.

7          THE COURT:  Yes, but we can't do it by stipulation.

8          MR. FISCHETTI:  That's right.

9          THE COURT:  So, if I let her go they have to finish

10   tonight.

11         MR. MYERS:  That's right.

12         MR. FISCHETTI:  If your Honor does let her go.

13         THE COURT:  Okay.

14         Here is the latest note.  This just in:  Hello.  We

15   filled out the form as instructed, Court Exhibit no. 31.

16         So, I think what I will do is I will have them come

17   out and they'll take the verdict or would you propose something

18   else?

19         MR. KIM:  Your Honor, may we have just a minute?

20         THE COURT:  Sure.

21         (counsel conferring)

22         MR. KIM:  Your Honor, can we go back on the record if

23   defense counsel is ready?

24         Your Honor, the reason I hesitate is I think we should

25   resolve the question first of what we are going to do with this

DB45zem1                         Deliberations

1    jury, whether they'll be instructed to continue deliberating or

2    not because our concern is that by bringing them out, taking

3    another partial verdict and then let's say the Court decides to

4    instruct them to keep deliberating, just that pattern obviously

5    is a pattern that has not been in our favor recently but I

6    think there is something more inherently coercive about that to

7    say, well, you filled it out and you vote not guilty on these

8    guys, keep going.  I mean, I think there is -- I think if we

9    are going to tell them to keep going we should not take the

10   partial verdict yet, we should let them do what they're going

11   to do and come back and tell us at the end of the day what it

12   is that they've got.

13            THE COURT:  Any thoughts on that?

14            MR. FISCHETTI:  I think we have to confer for a

15   minute, Judge.

16            THE COURT:  Okay.

17            (Counsel conferring)

18            MR. FISCHETTI:  Judge, as we understand the

19   government's position, rather than take the partial verdict you

20   would somehow announce to them that you have a partial verdict,

21   now go back out and continue deliberating?

22            THE COURT:  Yes.

23            MR. KIM:  I'm sorry.  I missed what you said

24   Mr. Fischetti.  I'm sorry.

25            MR. FISCHETTI:  As I said I understand the

DB45zem1                        Deliberations

        government's position, we do not take the partial verdict now,

        right?  We call them in, I guess, and tell them to continue to

        deliberation.

                MR. KIM:  No.  No.  I think our position is we should

        resolve that issue, whether we are going to tell them to

        continue deliberating.  We should resolve that now as opposed

        to bringing them in, taking the verdict and then discussing the

        issue.  That's all.

                MR. GERMAN:  If the government's concern is a pattern

        of bringing them out, taking a verdict and then telling them to

        go back in, the defense has no problem not taking the verdict

        at this time, simply telling them continue to deliberate.

                THE COURT:  Let's say, assume that I am inclined

        because it is true, to have them continue deliberating maybe

        until they can do it tonight, maybe 6:00 or 7:00, whatever, and

        I'm thinking about telling them that juror no. 1 is not going

        to have to come in tomorrow and therefore you are going to be

        done tonight but assume that I'm going to have them continue.

        What is the downside of taking the verdict, the additional

        partial verdict and then having them continue?  I know it is

        sort of bad habits for jurors or something.

                MR. KIM:  I think it is more than that, your Honor.  I

        think there is something a little bit more -- I see a greater

        downside risk of coercion by doing something like that where

        they come back, they give us a little bit more and we say,

1    okay, still not good enough, go back in there and come back

2    with more.  I mean, the point of this is I think that everybody

3    debates openly but still holds to their beliefs in the evidence

4    and I think each time we bring them here and say, all right,

5    you reached something but that is still not good enough, go

6    back in the jury room; I don't think that is what should be

7    happening here.  I think what should be happening is everyone

8    debates very openly, talks about their views, nobody gives up

9    their truly-held beliefs and they come back and tell us this is

10    what we've got.

11           So, I think just as a principle I think that is more

12    consistent with saying let us know if you have reached a

13    verdict, yes or no.  And if you are deadlocked on the rest,

14    then sobeit, as opposed to this kind of piecemeal approach that

15    almost came about I think not intentionally on anyone's part.

16           So, that's the government's view.  And if the Court is

17    inclined to let them continue to deliberate then I think we,

18    the government, probably need to talk about what we would

19    propose, but we definitely don't think that if the Court is

20    inclined to let them deliberate you we don't think you should

21    take a partial verdict at this time.

22           THE COURT:  Okay.

23           Do defendants have a different view?

24           MR. FISCHETTI:  Well our first view, your Honor, is

25    that we want them to continue to deliberate as long as they

DB45zem1                    Deliberations

1    possibly can, so I mean whether or not we take the partial

2    verdict now that we think they've agreed to or don't take the

3    partial verdict and tell them to continue to deliberate until

4    whatever time they can to fill out the rest of the verdict

5    sheet, I think we will take it either way.  It doesn't make

6    much difference to us, does it?

7                MR. GERMAN:  No, Judge.

8                My concern was I thought I heard your Honor say that

9    you were going to tell them that juror no. 1 is going home

10   today no matter what.

11               THE COURT:  Well, I was thinking of telling them I'm

12   going to let her go on her trip tomorrow just because I had

13   raised that as one of the issues that I think is possibly being

14   coercive at this point, just that hanging over there so I was

15   thinking of telling them, well, you know, she's not going to

16   have to come back tomorrow and therefore are you not going to

17   have to either.

18               MR. GERMAN:  Hold on.  Can I have one second, your

19   Honor?

20               THE COURT:  Sure.

21               (Counsel conferring)

22               MR. GERMAN:  The unified defense position is we

23   request that your Honor not inform them that no. 1 is being

24   allowed to leave, that we deal with that at the end of the day.

25               MR. KIM:  Your Honor, this is a constantly changing

DB45zem1                     Deliberations

 1   argument I guess on both sides, but given what's transpired the
 2   government's view is that by not telling the jurors that juror
 3   no. 1 will be able to leave and go on her trip that we are
 4   basically creating a pressure cooker situation where all of
 5   them, I think your Honor articulated this earlier, all the
 6   jurors are going to ban together and say we need to do
 7   something so that this woman can go on her vacation.  It is
 8   clearly on top of their mind.  We had communication about it
 9   last week and today so we need to be able to release that
10   artificial pressure and say this juror is going to be allowed
11   to go on this trip, otherwise I think we have them doing
12   whatever it takes to get out of this court house today.
13          MR. FISCHETTI:  I just have a question for the
14   government:  Why does Mr. Kim believe that if juror no. 1 is
15   excused that the other 10 can't deliberate?  They have no
16   knowledge of that.  We already excused one juror.
17          THE COURT:  It is true.  I could -- one thing I could
18   do is say that she will be allowed to go then not say anything
19   else about coming back.
20          MR. KIM:  I see what the Court is saying, so making
21   clear that juror no. 1 will be able to go on her trip.
22          THE COURT:  But then leave it at that.
23          MR. KIM:  That's fine.  Actually, I didn't mean to
24   suggest there would be a final communication about that but,
25   yeah, that's fine with the government.

1              MR. FISCHETTI:  Judge, how do I put this?

2              Judge, we have to make decisions now as defense

3     lawyers knowing that what we do here is going to be reviewed by

4     probably another set of lawyers regarding the positions we are

5     taking here with regard to appeal, with regard to former

6     jeopardy.  There is no question that we would go with 10 jurors

7     and have asked the government to do that, they refused to

8     stipulate.  When I first raised that before talking to my

9     colleagues, as your Honor remembers, I hope that I was going to

10    talk to them about a jury of 10, I said that then you would

11    have no problem with excusing juror no. 1.  It turns out the

12    government won't stipulate to that.

13             Our unified position is we want a verdict in this

14    case.  So, I think our position would be, Judge, that we're not

15    going to agree to have juror no. 1 excused.  Of course your

16    Honor has the discretion to do that if your Honor feels that

17    that juror can no longer serve, but I think your Honor has to

18    make an independent decision regarding that and I don't think

19    just on the facts that we have thus far that she has a trip,

20    that it was long-planned, that she told us about the trip, that

21    there were 11 people going may not be viewed as a sufficient

22    reason to dismissing this jury.  In other words, Judge what I'm

23    saying and I think my colleagues are joining, that we would not

24    consent to your Honor's excusing juror no. 1 and if we are not

25    consenting to it, then our position is that your Honor should

DB45zem1                         Deliberations

1    have them deliberate, partial verdict, no partial verdict, and

2    then your Honor can make what decision you want.  And, I think

3    that your Honor, respectfully, is required to have some kind of

4    discussion with that juror with defense counsel present -- and

5    I'm sure we'll waive defendants being present, perhaps waive

6    everyone except one defense counsel there -- for your Honor to

7    have an inquiry of this juror.  And then your Honor could make

8    an independent decision whether or not, not that she's just

9    losing a trip or losing someone or anything like that, but that

10   she could not continue to sit having this vacation taken away

11   from her.  I think that's the way we would like to proceed.

12           Am I correct, gentlemen?

13           MR. GERSHFELD:  Yes.

14           MR. CREIZMAN:  Yes.

15           MR. GERMAN:  Yes, but I do think we are putting the

16   cart before the horse.  I think -- and we are losing time,

17   quite frankly, with all of this.  I would prefer to bring them

18   out.  We have no problem not taking the partial verdict and

19   instructing them to go back and deliberate, give them another

20   Allen charge and then we can deal with all of this at the end

21   of the day.

22           MR. FISCHETTI:  The reason why I bring it up is

23   because I didn't want your Honor to tell the juror that she is

24   excused indicating that we agreed to that.

25           THE COURT:  Understood.

1          MR. KIM:  Your Honor, I don't think we are putting the

2     cart before the horse as to juror no. 1 because I think it is

3     an issue to have her -- to have any communication to continue

4     deliberating without some sort of communication about whether

5     she can go on vacation or not.  So, I do think we need to

6     resolve that issue first because the danger of the coercion is

7     having them deliberate about her not knowing whether she can go

8     on vacation or not.  That's the harm we see.  So, I thought

9     that we would address whether or not no. 1 can go on vacation

10    and what, assuming she's allowed to go on vacation, what the

11    substance of the communication to the jurors is.  But I don't

12    think we can have them deliberate without them knowing that.

13         THE COURT:  Is there any objection to my inquiring of

14    her?

15         MR. KIM:  No.  And I think if the Court inquires as to

16    juror no. 1, I think the inquiry is basically could she

17    actually participate, meaningfully participate in deliberations

18    if she has this trip hanging over her head or if she has to

19    miss her trip.

20         I think that's the substance of that inquiry if the

21    defense wants that.

22         THE COURT:  Well, I guess I'm inclined to call her out

23    and ask her questions about it.

24         Any objection?

25         (counsel conferring)

DB45zem1                         Deliberations

                    MR. FISCHETTI:  Your Honor, our position was that this

juror be sent back to deliberate without the indication that

she's going to be dismissed and then we deal with that later.

If it is your Honor's wish that your Honor would deal with this

first with the juror, then we withdraw our request because we

would like to use the time with the jurors sitting there not

knowing and stay for as late as she possibly can to try and get

a verdict.

                    THE COURT:  Withdraw which request?

                    MR. FISCHETTI:  In other words what we said before,

take a partial verdict or don't take a partial verdict but send

them out to continue to deliberate until the end of the day.

                    THE COURT:  Right, but the government feels that that

would be coercive without nothing what's going on with juror

no. 1.

                    MR. GERMAN:  Right.  So, we would agree.

                    MR. FISCHETTI:  Right.

                    MR. GERMAN:  We would agree that your Honor would give

them the instruction that juror no. 1 is going to be allowed to

go home.

                    MR. FISCHETTI:  Gee, we're in agreement with the

government now.

                    THE COURT:  Okay.  On telling them that juror no. 1

will be allowed to go on her vacation?

                    MR. FISCHETTI:  Yes.

DB45zem1                          Deliberations

1           THE COURT:  Okay.

2           MR. FISCHETTI:  And certainly we can ask them to

3    deliberate as long as they possibly can before we take a final

4    verdict.

5           THE COURT:  Okay.

6           MR. FISCHETTI:  As far as the partial is concerned the

7    government is still in position that they don't want a partial.

8           THE COURT:  That's fine.

9           MR. KIM:  We should let them continue to deliberate so

10   we shouldn't take the partial yet.

11          THE COURT:  So we are at the point where we give them

12   one more Allen charge or some version of an Allen charge.

13          MR. FISCHETTI:  Good.

14          THE COURT:  Does anybody not like the language of an

15   Allen charge that I like which you guys didn't include which is

16   that there is no reason to think that any 12 or 11 other jurors

17   would be more conscientious and better at reviewing the

18   evidence than you are?

19          MR. FISCHETTI:  I like that, Judge.

20          MR. GERMAN:  No objection from the defense.

21          MR. CREIZMAN:  No objection.

22          MR. GERSHFELD:  No objection.

23          MR. KIM:  Your Honor, I know that's language we have

24   included in Allen charges in the past.  It just so happened we

25   took this straight from Sand.  The version we gave the Court

DB45zem1                    Deliberations

didn't have that language.  I don't think it's error

necessarily on the Court's part to include additional language

but I think for sake of conformity, I don't think there is a

reason to add new language to a charge that they have been

given.  If the purpose of the charge is to do the same thing I

think we should keep the charge as it was proposed and given to

the jury before.

                    (counsel conferring)

                    MR. KIM:  Your Honor, to be clear, just so we iron out

exactly how this will go.  The government's view is that the

jury should be brought out, the Court gives an Allen charge,

the same Allen charge that was given before, and just also just

says I want to inform juror no. 1 that obviously we are aware

of your trip, you will be allowed to go on your trip and leave

it at that, as opposed to asking the jurors how long they can

go tonight, I.  Think it should be a simple communication.

                    THE COURT:  Okay.

                    (Pause)

                    THE COURT:  Okay.  Are we ready to bring them out?

                    MR. GERSHFELD:  Judge, I just have one question.  Is

there any way possible that once they bring out their partial

verdict without actually publishing it to the Court or anyone

else, can you hold on to that verdict sheet so there is no

manipulation of the verdict sheet if they go back in knowing

that they have to continue to deliberate?

DB45zem1                        Deliberations

1              THE COURT:  I think they need to go back in with the

2      verdict form.

3              MR. KIM:  Yes.

4              THE COURT:  So that they can --

5              MR. KIM:  The verdict is not final until they have

6      announced it in Court, your Honor.  I think they should hold on

7      to the verdict form.

8              THE COURT:  I think that's right.

9              MR. KIM:  And, your Honor, I think just for clarity, I

10     think the Court should also let the jurors know that we are not

11     taking the verdict right now.

12             THE COURT:  Yes.

13             MR. KIM:  I'm going to tell you this, you should keep

14     deliberating on all the counts --

15             MR. GERMAN:  No.

16             MR. FISCHETTI:  Absolutely not.

17             MR. KIM:  -- for which you have not reached a verdict.

18             MR. GERMAN:  No.

19             MR. FISCHETTI:  Absolutely not.

20             THE COURT:  Wait.  What's wrong with that?

21             MR. FISCHETTI:  In other words change their verdict?

22             THE COURT:  On all the counts that they have not

23     reached a verdict on.

24             MR. MYERS:  That's not what he said.

25             MR. KIM:  I said for which you have not reached a

DB45zem1                          Deliberations

1   verdict.  We can ask the court reporter to read it back,

2   Mr. Myers.

3              MR. GERMAN:  We heard all remaining counts --

4              MR. MYERS:  We heard everything else in that sentence.

5   Go ahead.

6              THE COURT:  What I was thinking is saying something

7   like:  I have your note indicating and I understand you have

8   reached a unanimous verdict as to some additional counts.  I'm

9   going to ask you once again or one more time to listen to the

10  following instruction.  I'm not going to take that partial

11  verdict now and then ask you to deliberate further in an effort

12  to reach unanimous verdict on any counts that you have not

13  reached a verdict on yet.

14             MR. FISCHETTI:  Thank you, Judge.

15             THE COURT:  Okay.

16             MR. KIM:  Your Honor, can we have one minute?

17             THE COURT:  Sure.

18             (Counsel conferring)

19             MR. KIM:  Nothing further, your Honor.

20             THE COURT:  Okay.  All set?

21             Please, bring out the jury.

22             (Continued on next page)

23

24

25

DB45zem1                          Deliberations

 1              (Jury present)

 2              THE COURT:  Good afternoon again, Ladies and

 3     Gentlemen.

 4              THE JURY:  Good afternoon.

 5              THE COURT:  One thing I wanted to respond to briefly.

 6     Juror no. 1, I have your note about your trip planned for

 7     tomorrow and I want to let you know that you are going to be

 8     able to go on your trip.

 9              A JUROR:  Oh, thank God.  Thank you.

10              THE COURT:  To the jurors more broadly, I did get your

11     communication from when you were out here before that you have

12     reached a verdict as to, I believe, eight additional lines or

13     eight additional counts, and I'm not going to ask you for that

14     verdict right now because I'm going to ask you one more time to

15     make an effort at a unanimous verdict keeping in mind the

16     following instruction which I would like to read to you:  As I

17     told you in my original instructions, this case is an important

18     one to the government and it is equally important to the

19     defendants.  It is desirable if a verdict can be reached but

20     your verdict must reflect the conscientious judgment of each

21     juror and under no circumstance must any juror yield his or her

22     conscientious judgment.  It is normal for the jurors to have

23     differences.  This is quite common.  Frequently jurors, after

24     extended discussion, may find that a point of view which

25     originally represented fair and considered judgment might well

yield upon the basis of argument and upon the facts and the

evidence.  However, and I must emphasize this, no juror must

vote for any verdict unless after full discussion and

consideration of the issues and exchange of views it does

represent his or her considered judgment.

Further consideration may indicate that a change in

original attitude is fully justified upon the law and all the

facts.  I do want to read you a statement which I read you

before in a Supreme Court opinion that is well known and it is

this:

That although a verdict must be the verdict of each

individual juror and not a mere acquiescence and conclusion of

his fellows, yet they should examine the question submitted

with candor and with the proper regard and deference to the

opinions of each other; that is, with their duty to decide the

case if they could conscientiously do so; that they should

listen, with a disposition to be convinced, to each others'

arguments; that if the much larger number were for a

conviction, a dissenting juror should consider whether his or

her doubt was reasonable one which made no impression on the

minds of so many men, equally honest, equally intelligent with

himself.  If upon the other hand the majority was for

acquittal, the minority ought to ask themselves whether they

might not reasonably doubt the correctness of a judgment which

was not concurred in by the majority.

1        I do not mean to suggest that a position is

2   necessarily correct merely because a greater number of jurors

3   agree with it.  Those in the majority should also consider all

4   reasonable arguments and opinions of those in the minority.

5        You are reminded also that the prosecution bears the

6   burden of proving each element of each offense beyond a

7   reasonable doubt.

8        Do not ever change your mind just because the other

9   jurors see things differently, or just to get the case over

10  with.  As I told you before, in the end, your vote must be

11  exactly that, your vote.  As important as it is for you to

12  reach unanimous agreement, it is just as important that you do

13  so honestly and in good conscience.  What I have just said is

14  not meant to rush or pressure you in agreeing on your verdict.

15  Take as much time as you need.  It is the desire of the Court

16  and the parties that, if possible, you return a verdict on all

17  defendants and on all counts, if you can do so without

18  violating your individual conscience.

19       However, if, after conscientious deliberations you are

20  only able to reach a verdict concerning some of the defendants

21  or some of the counts, you may return a verdict concerning

22  those defendants or those counts.

23       Now you have told me that you have already reached as

24  to eight additional counts and I'm not going to take that now

25  because I'm going to ask you to take one more attempt at trying

DB45zem1                          Deliberations

1   to reach unanimous verdict as to additional counts that you

2   have not yet reached a verdict to.

3           So, with that in mind, I'm going to ask you to go back

4   and continue your deliberations this evening.

5           Thanks very much.

6           (Continued on next page)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DB45zem1                          Deliberations

1              (Jury not present)

2              THE COURT:  We will keep you posted.

3              (Recess pending verdict)

4              THE COURT:  Okay, we have another note from the jury

5      which has been marked Court Exhibit 32.  It says hello, your

6      Honor.  We would like to leave today at 5:00 p.m.  Thank you.

7      Juror no. 8.

8              MR. MYERS:  Which means juror no. 1 is not going on

9      vacation.

10              THE COURT:  Well, I think they don't know the effect

11      of losing juror no. 1 because we haven't told them.  So, one

12      thing that we might consider is asking them whether they

13      remain, as they put it, hopelessly divided on any additional

14      counts and if they say they do, then take the additional

15      partial verdict.  The other possibility is in, in connection

16      with that or not, asking them if they can stay a little later

17      tonight which might indicate to them that they will not have to

18      come back tomorrow.

19              (Counsel conferring)

20              MR. KIM:  We are ready to go first, your Honor.

21              The government's view is that we should not suggest to

22      the jurors they can stay late tonight because we have never

23      done it before.  I think the combination of their knowledge

24      that no. 1 is going to be able to go on her trip tomorrow

25      coupled with some suggestions they should stay late tonight, we

DB45zem1                    Deliberations

1  think, would be coercive.  We are essentially staying stay

2  tonight to possibly reach a verdict.

3         We all knew this was an issue last week.  As of last

4  Thursday the Court put on the record on the transcript at 4965

5  that this was an issue.  We, all the parties and the Court

6  agreed to allow the jurors to leave for the day on Thursday

7  without asking if they wanted to come back on Friday.  We let

8  them come back on Monday as they chose to do so all the while

9  knowing that this could potentially happen tomorrow.  So, I

10  don't think that we should now create undue pressure on the

11  jurors to reach some sort of haphazard verdict tonight no

12  matter what the hour because this issue is looming.

13         THE COURT:  We also can't let them go at 5:00.

14         MR. KIM:  I don't understand why, Judge.

15         THE COURT:  We are going to have 10 jurors tomorrow.

16         MR. KIM:  Our proposal would be we take the partial

17  verdict and we prepare to dismiss them at 5:00 and declare a

18  mistrial on the remaining counts.

19         THE COURT:  Okay.

20         MR. KIM:  Because they've already indicated they're

21  deadlocked as to the remaining counts as to which they did not

22  reach a partial verdict before.  So, I think it is perfectly

23  appropriate for the Court to take whatever verdict there is and

24  let them go at 5:00 and the mistrial on the remaining counts at

25  that point.

DB45zem1                        Deliberations

1          We do not believe the jurors should be given an

2   instruction about the fact they can stay late tonight given the

3   circumstance of juror no. 1.  We think you are putting them in

4   a pressure cooker essentially holding them hostage to reach

5   resolution tonight and they also have not -- just it is not

6   that we've -- the foreperson has been great about wording his

7   notes accurately but this is the first note that we have

8   received in which the jury has said they want to leave at 5:00

9   and not said that they want to come back tomorrow, so.

10         MR. FISCHETTI:  I think Mr. Kim wants to withdraw that

11   last remark.

12         Your Honor, I think the issue honestly -- and I invite

13   counsel to join me in this -- is a rather simple one and that

14   is is this jury now hung, completely deadlocked?  That's the

15   issue that we have here.  They didn't say that.

16         Now, your Honor, I listened to your Honor carefully

17   with regard to the Allen charge, the last time, how long they

18   were out and that this jury would be dismissed and juror no. 1

19   would be dismissed because they were deadlocked because they

20   couldn't reach a verdict because they were divided.  You have a

21   note now that does not say that.  You have a note now that says

22   we would like to leave at 5:00, not that we are deadlocked, not

23   that we haven't made any progress on the basis of the last

24   Allen charge when, as your Honor knows, the Allen charge before

25   this resulted in a partial verdict.

1          So I think, your Honor, most respectfully on behalf of

2     the defendants and, quite frankly, I think your Honor must ask

3     this jury when they come back, in some words that we will agree

4     upon whether or not they have made any progress or whether or

5     not they are still deadlocked.  And if the answer is yes, we

6     have made progress, then on behalf of all defendants we want to

7     keep this jury as long as we possibly can to see if they'll

8     come up with more verdicts on counts or unanimous verdict.  If

9     they say no, we haven't, we are still deadlocked then I agree

10    with Mr. Kim.  But suppose your Honor asked that question and

11    they say, yes, we have another partial verdict or we have

12    agreed on one more count, we are moving toward a resolution.

13    Are you going to dismiss this jury at 5:00?  I don't think your

14    Honor can, most respectfully.

15         THE COURT:  I'm inclined to ask them.  I think it is

16    appropriate to ask them whether they remain hopelessly divided

17    on the additional counts that they referred to in their prior

18    note.  I guess maybe the way to do that is by a note to them.

19         MR. KIM:  I think that's fine, your Honor.

20         MR. GERMAN:  Judge, I think that language is inviting

21    of a very simple yes question so they can go home.  I think

22    perhaps Mr. Fischetti alluded to the word "progress."  I think

23    that's a better choice of words, "are you making progress," and

24    see what they say.  If they come back and say we are hopelessly

25    divided, then they will.

DB45zem1                        Deliberations

1              MR. KIM:  Your Honor?

2              THE COURT:  How about --

3              MR. KIM:  Your Honor, we trusted the jury to follow

4    the instructions that we have given them.  We have trusted them

5    to follow the instructions in the Allen charge.  The Court has

6    instructed them numerous times to deliberate.  There is no

7    reason to stop trusting them now to answer a question honestly.

8    They told us they were hopelessly divided.  I think it is a

9    fair question for to us repeat that to them and ask are you

10   still hopelessly divided.

11             THE COURT:  How about:  Earlier in your deliberations

12   today you informed the Court that you were hopelessly divided

13   in your deliberations as to additional counts.  Are you still

14   divided as to those counts?  Or do you believe that additional

15   deliberations might yield a unanimous verdict as to additional

16   counts?

17             MR. FISCHETTI:  That's fine with me.  I agree with

18   that, Judge.

19             MR. KIM:  Your Honor, I think we are fine with that as

20   well.  And perhaps for this jury, maybe instead of "yield" we

21   would say "result in a unanimous verdict" or something.

22             THE COURT:  Okay.

23             MR. KIM:  Your Honor, I would also make clear just

24   given the history with this jury, that maybe we should, at the

25   end of the note, make clear that they shouldn't respond with

 1   whatever their verdict is in the note but just to make clear to

 2   tell them what kind of answer we are looking for.  So, answer

 3   yes or no or something to that effect so they don't respond

 4   with, well, we reached a verdict on these defendants as to

 5   these counts.

 6              MR. FISCHETTI:  Why not?  Isn't that what we are

 7   looking for?

 8              MR. KIM:  They can fill out the verdict form.

 9              THE COURT:  The way I worded it doesn't really result

10   in a yes or no.  How about maybe a mini verdict form that says:

11              Earlier in your deliberations you informed the Court

12   that you were hopelessly divided in your deliberations as to

13   additional counts.  Are you still divided as to those

14   additional counts?  Yes.  No.  Do you believe that further

15   deliberations may as a result in a unanimous verdict as to

16   additional counts?  Yes.  No.

17              MR. FISCHETTI:  That's fine with us, Judge.

18              MR. KIM:  That's fine with the government.

19              THE COURT:  All right.  We will let you know.

20              (Recess pending verdict)

21              THE COURT:  We have received Court Exhibit 33 which is

22   the completed answers to my note and I will just read it with

23   their check marks.

24              Earlier in your deliberations you informed the Court

25   that you were hopelessly divided in your deliberations as to

DB45zem1                        Deliberations

1    additional counts.  Are you still divided as to those

2    additional counts.  They checked yes.

3            Do you believe that further deliberations may result

4    in a unanimous verdict as to additional counts?  They checked

5    no.

6            MR. KIM:  Your Honor, I think our proposal is that we

7    bring the jurors out, take the partial verdict and then declare

8    the mistrial as to the remaining counts.

9            THE COURT:  Any objection?

10           MR. FISCHETTI:  No, your Honor.

11           MR. GERMAN:  None.

12           THE COURT:  Okay.  Bring them out.

13           (Continued on next page)

14

15

16

17

18

19

20

21

22

23

24

25

DB45zem1                           Deliberations

1                (Jury present)

2                THE COURT:  Good afternoon, Ladies and Gentlemen.

3                THE JURY:  Good afternoon.

4                THE COURT:  I have received your answers to my

5      questions.  Thank you for that.

6                I will ask juror no. 8, the foreperson, if you would

7      please stand.  Is the jury still divided as to the additional

8      counts?

9                THE FOREPERSON:  Yes, your Honor.

10               THE COURT:  Have you reached a verdict as to those

11     additional counts that you referred to in your last note?

12               THE FOREPERSON:  Yes, your Honor.

13               THE COURT:  Have you noted it in the same verdict form

14     as the earlier verdict?

15               THE FOREPERSON:  Yes, your Honor.

16               THE COURT:  Does the jury believe that further

17     deliberations may result in a unanimous verdict as to

18     additional counts?

19               THE FOREPERSON:  No, your Honor.

20               THE COURT:  Please hand the verdict form to the deputy

21     clerk.

22               (The Court reviewing verdict form)

23               THE COURT:  The deputy clerk is handing back the

24     verdict form.  If you would remain standing, please,

25     Mr. Foreperson and Mr. Skolnik will receive the verdict.

DB45zem1                    Deliberations

1              THE DEPUTY CLERK:  In the matter of United States of

2      America versus Mikhail Zemlyansky, Michael Danilovich, Tatyana

3      Gabinskaya and Joseph Vitoulis:

4              Count One, racketeering conspiracy.  How does the jury

5      unanimously find the defendant Michael Zemlyansky, guilty or

6      not guilty?

7              THE FOREPERSON:  Blank.

8              THE DEPUTY CLERK:  As to defendant Michael Danilovich,

9      guilty or not guilty?

10             THE FOREPERSON:  Blank.

11             THE DEPUTY CLERK:  Count Two, health care fraud

12     conspiracy.  As to the defendant Michael Zemlyansky, guilty or

13     not guilty?

14             THE FOREPERSON:  Not guilty.

15             THE DEPUTY CLERK:  As to defendant Michael Danilovich,

16     guilty or not guilty?

17             THE FOREPERSON:  Blank.

18             THE DEPUTY CLERK:  As to defendant Tatyana Gabinskaya,

19     guilty or not guilty?

20             THE FOREPERSON:  Blank.

21             THE DEPUTY CLERK:  As to defendant Joseph Vitoulis,

22     guilty or not guilty?

23             THE FOREPERSON:  Not guilty.

24             THE DEPUTY CLERK:  Count Three, health care fraud.  As

25     to the defendant Michael Zemlyansky, guilty or not guilty?

DB45zem1                    Deliberations

1              THE FOREPERSON:  Not guilty.

2              THE DEPUTY CLERK:  Michael Danilovich, guilty or not

3   guilty.

4              THE FOREPERSON:  Blank.

5              THE DEPUTY CLERK:  Tatyana Gabinskaya, guilty or not

6   guilty?

7              THE FOREPERSON:  Blank.

8              THE DEPUTY CLERK:  Joseph Vitoulis, guilty or not

9   guilty?

10             THE FOREPERSON:  Not guilty.

11             THE DEPUTY CLERK:  Count Four, mail fraud conspiracy.

12  As to defendant Michael Zemlyansky, guilty or not guilty?

13             THE FOREPERSON:  Not guilty.

14             THE DEPUTY CLERK:  As to defendant Michael Danilovich,

15  guilty or not guilty?

16             THE FOREPERSON:  Blank.

17             THE DEPUTY CLERK:  As to Tatyana Gabinskaya, guilty or

18  not guilty?

19             THE FOREPERSON:  Blank.

20             THE DEPUTY CLERK:  As to Joseph Vitoulis, guilty or

21  not guilty?

22             THE FOREPERSON:  Not guilty.

23             THE DEPUTY CLERK:  Count Five, mail fraud.  As to

24  defendant Michael Zemlyansky, guilty or not guilty?

25             THE FOREPERSON:  Not guilty.

DB45zem1                    Deliberations

1        THE DEPUTY CLERK:  Michael Danilovich, guilty or not

2   guilty?

3        THE FOREPERSON:  Blank.

4        THE DEPUTY CLERK:  Tatyana Gabinskaya, guilty or not

5   guilty?

6        THE FOREPERSON:  Blank.

7        THE DEPUTY CLERK:  Joseph Vitoulis, guilty or not

8   guilty?

9        THE FOREPERSON:  Not guilty.

10        THE DEPUTY CLERK:  Count Six, money laundering

11   conspiracy, as to Michael Zemlyansky:  Already reported, not

12   guilty.  As to defendant Michael Danilovich, guilty or not

13   guilty?

14        THE FOREPERSON:  Blank.

15        THE DEPUTY CLERK:  Count Seven, money laundering.  As

16   already reported, Michael Zemlyansky, not guilty.  As to the

17   defendant Michael Danilovich, guilty or not guilty?

18        THE FOREPERSON:  Blank.

19        THE DEPUTY CLERK:  Count Eight, money laundering.  As

20   already recorded:  Michael Zemlyansky, not guilty.  As to

21   defendant Michael Danilovich, guilty or not guilty?

22        THE FOREPERSON:  Blank.

23        THE DEPUTY CLERK:  Count Nine, money laundering.  As

24   already recorded, Michael Zemlyansky, guilty or not guilty?

25   Not guilty, excuse me.  As to defendant Michael Danilovich,

DB45zem1                        Deliberations

1    guilty or not guilty?

2                THE FOREPERSON:  Blank.

3                THE DEPUTY CLERK:  Ladies and Gentlemen, please listen

4    to your verdict as it now stands recorded.

5                As in the matter of United States of America versus

6    Michael Zemlyansky, Michael Danilovich, Tatyana Gabinskaya and

7    Joseph Vitoulis:

8                Count One, racketeering conspiracy.  Michael

9    Zemlyansky, blank; Michael Danilovich, blank.

10                Count Two, health care fraud conspiracy.  As to

11   Michael Zemlyansky, not guilty; Michael Danilovich, blank;

12   Tatyana Gabinskaya, blank; joseph Vitoulis, not guilty.

13                Count Three, health care fraud.  As to defendant

14   Michael Zemlyansky, not guilty; Michael Danilovich, blank;

15   Tatyana Gabinskaya, blank; Joseph Vitoulis, not guilty.

16                Count Four, mail fraud conspiracy.  As to defendant

17   Michael Zemlyansky, not guilty; Michael Danilovich, blank;

18   Tatyana Gabinskaya, blank; Joseph Vitoulis, not guilty.

19                Count Five, mail fraud.  As to defendant Michael

20   Zemlyansky, not guilty; Michael Danilovich, blank; Tatyana

21   Gabinskaya, blank; Joseph Vitoulis, not guilty.

22                Count Six, money laundering conspiracy.  As already

23   reported, Michael Zemlyansky, not guilty; Michael Danilovich,

24   blank.

25                Count Seven, money laundering.  As already reported,

1  Michael Zemlyansky, not guilty; Michael Danilovich, blank.

2        Count Eight, money laundering.  As already reported,

3  Mikhail Zemlyansky, not guilty; Michael Danilovich, blank.

4        Count Nine, money laundering.  As already reported

5  Michael Zemlyansky, not guilty; as to Michael Danilovich,

6  blank.

7        THE COURT:  The clerk will poll the jury, please.

8        (Jury polled; all answered in the affirmative)s

9        THE DEPUTY CLERK:  Your Honor, the jury has been

10  polled and that verdict is unanimous as is it stands.

11        THE COURT:  Okay.  The verdict will be recorded.  This

12  is, again, a partial verdict to supplement the prior partial

13  verdict.  As to those counts the verdict will be recorded as

14  has been stated and as the jury has unanimously found.  As to

15  the remaining counts which were declared blank, the Court

16  declares the jury deadlocked and there will be mistrial as to

17  those counts.

18        Ladies and Gentlemen, I am going to finally say

19  good-bye to you for the last time with appreciation for your

20  service over the course of this trial.  Let me just say this

21  has been a fairly long trial.  Sometimes we say that the jury

22  service is the greatest duty of citizens other than military

23  service, and it is, and in some ways the last two months you

24  may compare it to military service because you have put in a

25  lot of time and it has been -- it has been a long trial and it

has been tough deliberations, I know.  But, this is how the

system works and it is essential to have people like you,

essentially a random group of citizens who are willing to come

in, sit through the evidence, think about it, talk about it,

argue about it and come to unanimous verdict to the extent

possible and you have done that.  You have spent a lot of time.

I feel like it was months ago when we all started and in fact

it was almost two months ago.  So, I want to thank you all for

your service during the course of this trial.

          I'm now going to release you.  You are free to go.

Because this trial is over I don't have to tell you anymore not

to talk about the case.  You are able to talk about the case

but I want to provide one caveat to that which is this:  If and

when you do talk about the case, for example with the lawyers

and you are now welcome to talk about your view of the

evidence, your view of what worked and what didn't work, what

you liked, what you didn't like about the lawyers'

presentation, the one caveat is the deliberations themselves I

ask you not to discuss the content of the deliberations and

that's because none of you has to talk about the case and some

of you may not want to.  And deliberations happen in secret for

a reason:  So that jurors are free to express their views and

talk and argue about what they think of the evidence.  In order

to respect your fellow jurors who might not want to reveal

their views I would ask you not to talk about what other people

1    thought and what other people said in the jury deliberation
2    room.  But, you are free now to talk to the lawyers or anyone
3    else about the case, subject to my request that you not talk
4    about the substance of your fellow jurors' deliberations in the
5    jury room.  And in that regard it is common for lawyers to ask
6    to speak to jurors after a trial.  I'm going to release you in
7    a minute and those of you who want to leave are free to leave.
8    There are a couple of administrative things Mr. Skolnik will
9    take care of with you to make sure that your notes are torn up
10   and all of that because we don't keep them for any reason and I
11   am happy to come back and talk to you briefly.
12           I would like to thank you for your service.  If you
13   are able to stick around for five minutes I'm happy to shake
14   your hand and thank you for your service and then Mr. Skolnik
15   will do any administrative matters.  I'm not going to talk to
16   you about the substance of your deliberations or about the
17   case.  If you have questions about the process or any ideas
18   about how we can make jury service more convenient or better I
19   am happy to hear those sorts of things and just thank you for
20   your service.  After that, I have told the lawyers who might be
21   interested in talking to you about the case, about whatever
22   happened with the case.  If you don't want to talk to them you
23   are free to go.  You can walk out the door you have always been
24   leaving and you are free to do that as soon as I let you go and
25   we've followed up on the administrative matters.  But, for

DB45zem1                        Deliberations

1    those of you who would be happy to speak to any of the lawyers

2    about the trial, you are also welcome to do that and if you

3    stick around after I speak with you and Mr. Skolnik does, for

4    those of you who are happy to stay and talk to them, we will

5    let the lawyers come back to one of the rooms in the back and

6    speak to you about that.

7            So, let me just make sure I have covered everything.

8    Am I forgetting anything?

9            MR. KIM:  Not from the government, your Honor.

10           MR. FISCHETTI:  Not from us, Judge.

11           THE COURT:  Once again, I want to thank you sincerely.

12   This has been a particularly long trial and I want to thank you

13   for all the time you have put in and the work you have done.

14   Thanks very much.  Mr. Skolnik will see you to the back.

15           (Jury dismissed)

16           MR. GERMAN:  Judge, I would just ask that

17   Dr. Vitoulis' bail be exonerated at this time.

18           MR. KIM:  No objection, Judge.

19           THE COURT:  That application is granted.  I want to

20   thank you all.  I have been impressed with your

21   professionalism.  It has been an interesting trial and I have

22   seen some really good lawyering and I appreciate all your

23   professional conduct and all your good work.

24           MR. FISCHETTI:  May we thank your Honor for the

25   courtesies extended to us and your Honor's staff?

DB45zem1                         Deliberations

1          THE COURT:  Thank you.

2          MR. GERMAN:  Thank you, your Honor.

3          THE COURT:  Thanks.  We will let you know when they

4    are ready.

5                               o0o

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25